Application of HERRING.

(Court of Appeals of District of Columbia. Submitted January 13, 1927. Decided February 7, 1927.)

No. 1906.

Patents ⚙⟹107—Petition for revival of application for patent, made 25 years after rejection, and 13 years after denial of another similar petition, held properly denied.

Where petition for patent for power-driven aeroplane was rejected in 1898, and petition for revival in 1910 filed and denied, but no further action taken by applicant until 1924, held, petition for revival then filed was properly denied.

Appeal from the Commissioner of Patents.

In the matter of the application for patent of Augustus M. Herring. From a decision of the Commissioner of Patents, denying petition of James V. Martin, applicant's assignee, for revival of application, petitioner appeals. Affirmed.

J. V. Martin, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office denying a petition to revive an abandoned application for patent on a power-driven aeroplane.

The original application was filed December 11, 1896, and the claims were finally rejected on January 4, 1898. No further action was taken until July 1, 1910, or 12½ years later, when a petition for revival was filed. On August 22, 1910, this petition was denied; the Commissioner pointing out that for at least 3 years and probably longer the operativeness of heavier than air machines had been demonstrated, and that the applicant was guilty of laches in not moving earlier. No further action was taken by the applicant until February 11, 1924, a period of more than 13 years, when the present application was filed.

This application was refused, upon the ground that no new reasons, excusing the delay in filing the first application had been advanced, except that applicant had been engaged in a legal controversy in 1909, and for several years thereafter had devoted himself and his resources to that litigation. As to this additional ground, the Commissioner said:

"It appears the applicant, at the time he filed his former petition, was represented by able counsel, and nothing is recited to show he has not or could not have had the benefit of advice from his counsel as to his rights in asking rehearing of the former petition at any time since July, 1910. No showing is made that applicant ever asked advice of his former attorneys, or requested them to prepare a petition for rehearing of the decision of July, 1910."

Following this action by the Commissioner, applicant filed another petition to revive. After a hearing, this application was denied. Thereafter applicant filed a petition for "decision of final allowance or final rejection."

Again the Commissioner, with painstaking care, considered applicant's contentions and held the application abandoned.

When this applicant permitted his application to become abandoned, other inventors were engaged in the development of this art, and it is common knowledge, as pointed out by the Commissioner, that within a comparatively short time their efforts were crowned with success. In these circumstances, prompt action was demanded of this applicant. To permit him now, after his long and inexcusable delay, to revive his abandoned application, might result in very serious injustice to those inventors who persevered to the goal of success. The decision of the Commissioner was right, and is affirmed.

Affirmed.