## MARTIN v. ROBERTSON, Commissioner of Patents.
### No. 4883.

Court of Appeals of District of Columbia.
Argued Feb. 6, 1930.
Decided March 3, 1930.

James V. Martin, of Washington, D. C., in pro. per.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing, on motion of appellee, appellant's bill filed under section 4915, Rev. St. (35 USCA § 63), to have appellant adjudged entitled to a patent.

The bill discloses the filing of an application in the Patent Office on December 11, 1896, by Augustus M. Herring, appellant's assignor, for a patent on a power-driven aeroplane; that the application became abandoned January 5, 1900; that no action was taken by the applicant for more than ten years, or until July 1, 1910, when a petition to revive was filed, which petition was denied August 22, 1910. No action was taken thereafter for almost fourteen years, until February 11, 1924.

The application to revive was addressed to the sound discretion of the Commissioner of Patents. It was for him to decide whether the delay was "unavoidable." In the absence of any showing that his action was capricious or arbitrary, no court has jurisdiction to review his action. Moreover, on the face of the bill, it appears that the delay was not unavoidable, and as suggested in Application of Herring, 57 App. D. C. 95, 17 F. (2d) 683, 684: "When this applicant permitted his application to become abandoned, other inventors were engaged in the development of this art, and it is common knowledge, as pointed out by the Commissioner, that within a comparatively short time their efforts were crowned with success. In these circumstances, prompt action was demanded of this applicant.. To permit him now, after his long and inexcusable delay, to revive his abandoned application, might result in very serious injustice to those inventors who persevered to the goal of success."

The decree is affirmed, with costs.

Affirmed.